NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICKY KAMDEM-OUAFFO,**

*Plaintiff-Appellant*

**v.**

**BAKER BOTTS, LLP, ET AL.**

*Defendants*

---

2026-1282

---

Appeal from the United States District Court for the Southern District of New York in No. 7:23-cv-02008-CS, Senior Judge Cathy Seibel.

---

**ON MOTION**

---

Before LOURIE, CHEN, and STARK, *Circuit Judges.*

PER CURIAM.

# O R D E R

In response to our show cause order, Ricky Kamdem-Ouaffo urges the court to exercise jurisdiction and summarily vacate the underlying district court orders. Having considered his arguments, we dismiss.

Mr. Kamdem-Ouaffo previously filed an action with the United States District Court for the Southern District of New York (SDNY) asserting, among other things, a claim for correction of inventorship of Pepsico, Inc.'s patent. The district court dismissed, *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130 (S.D.N.Y. 2016), and we affirmed the district court's judgment, *Kamdem-Ouaffo v. Pepsico, Inc.*, 657 F. App'x 949, 954 (Fed. Cir. 2016).

Years later, Mr. Kamdem-Ouaffo filed this action, also in the SDNY, asserting a variety of federal and state claims against private defendants, including lawyers, banks, a sheriff, and Pepsico. Among other things, Mr. Kamdem-Ouaffo alleged that Pepsico's lawyers committed fraud on the court in his prior litigation. The district court dismissed the complaint. It concluded that he had failed to plausibly allege relief under Rule 60(d) of the Federal Rules of Civil Procedure or under the other invoked federal authorities and then declined to exercise supplemental jurisdiction over any of the asserted state claims. Mr. Kamdem-Ouaffo appealed to the United States Court of Appeals for the Second Circuit, which affirmed the dismissal.

Mr. Kamdem-Ouaffo subsequently filed at the district court a motion for relief under Rule 60(b)(4), arguing that the "dismissal was premised upon [a] jurisdictional defective theory that Plaintiff's complaint did not have a source of federal jurisdiction," because, he argued, his state claims raised a substantial question of federal law. The district court denied the motion, finding he was attempting to relitigate the prior dismissal ruling. After the district court denied reconsideration, Mr. Kamdem-Ouaffo filed a notice of appeal from those decisions directed to this court.

In response to our show cause order, Mr. Kamdem-Ouaffo argues we have jurisdiction under 28 U.S.C. § 1295(a)(1) given the relation to his prior action. But we need not reach any definitive conclusion as to whether this court or the Second Circuit has jurisdiction because we

would dismiss regardless of how we would answer that question.

Rule 60(b)(4) authorizes relief from a judgment only upon a showing that the "judgment is void," i.e., where the district court had no jurisdiction to render the judgment or because the judgment was premised on a violation of due process rights. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). In his motions below and in his papers before this court, Mr. Kamdem-Ouaffo failed to make any cogent, non-frivolous argument that would entitle him to relief under that exacting standard. Because his appeal is clearly frivolous, we find dismissal appropriate, and, thus, would not find it in the interest of justice to transfer to the Second Circuit under 28 U.S.C. § 1631, even assuming that court has jurisdiction.

Accordingly,

IT IS ORDERED THAT:

The appeal is dismissed and any pending motion is denied. Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

April 30, 2026
        Date